**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAXIME GEDEON,
Petitioner,

v.

No. 99-1791

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A72-348-284)

Submitted: October 8, 1999

Decided: November 18, 1999

Before WIDENER and NIEMEYER, Circuit Judges,
and BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Randall L. Johnson, JOHNSON & ASSOCIATES, Arlington, Vir-
ginia, for Petitioner. David W. Ogden, Acting Assistant Attorney
General, John J. Andre, Senior Litigation Counsel, John S. Hogan,
Office of Immigration Litigation, UNITED STATES DEPART-
MENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Maxime Gedeon petitions for review of a final order of the Board of Immigration Appeals (Board) dismissing his appeal of the Immigration Judge's order denying his application for suspension of deportation. Gedeon contends that the Board abused its discretion in denying him relief in the form of suspension of deportation when it determined that he failed to demonstrate extreme hardship, as required under § 244 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1254(a)(1) (1994) (now repealed).

The INS filed a motion to dismiss the petition for review, arguing that the court does not have subject matter jurisdiction to review the petition. Under transitional rule § 309(c)(4)(E) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, applicable to cases such as this that were in transition at the time the IIRIRA was passed, there is no appeal of any discretionary decision under INA § 244. Section 244 is the suspension of deportation provision formerly codified at 8 U.S.C. § 1254(a)(1) and now amended and recodified at 8 U.S.C.A. § 1229b (West 1999). Section 309(c)(4)(E) precludes judicial review of determinations of extreme hardship for purposes of suspension applications. Under the language of § 1254(a)(1), the determination of extreme hardship is committed to the opinion of the Attorney General and is thus by its own terms a discretionary determination. See Kalaw v. INS, 133 F.3d 1147, 1152 (9th Cir. 1997). Further, the limitation on jurisdiction does not offend the Due Process Clause of the Fifth Amendment. See id.

We therefore grant the Respondent's motion to dismiss the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

2